558 Seventh Ave. Corp. v PKNY IV, LLC (2024 NY Slip Op 04592)

558 Seventh Ave. Corp. v PKNY IV, LLC

2024 NY Slip Op 04592

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 160550/20 Appeal No. 2627 Case No. 2024-2710 

[*1]558 Seventh Ave. Corp., et al., Plaintiffs-Respondents,
v
PKNY IV, LLC, et al., Defendants, Grab & Go Convenience LLC, et al., Defendants-Appellants.

Doyle & Broumand, LLP, Bronx (Heddyeh Broumand of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondents.

Judgment, Supreme Court, New York County (Eric B. Schumacher, J.), entered April 1, 2024, in favor of plaintiffs, and against defendants, jointly and severally, in the aggregate amount of $420,498.60, unanimously affirmed, with costs.
Defendants' arguments as to the lack of a certificate of occupancy, Sohail's personal liability, and the amount of use and occupancy, are all precluded by the decision and order in a prior action between the parties (PKNY IV, LLC v 558 Seventh Avenue Corp., et al., index No. 651113/20 [Sup Ct, NY County Oct. 8, 2020]; see Simmons v Trans Express Inc., 37 NY3d 107, 111 [2021)].
Furthermore, defendant Sohail was not immune from liability. Although he is a member of defendant Grab & Go, he was held personally liable for his actions, including his actual use and control of the premises (see Turane v MGN, LLC, 171 AD3d 835, 836 [2d Dept 2019]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024